# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEONTE SPICER, | : | |
| Petitioner, | : | |
| v. | : | No. 4:17-CV-2324 |
| WARDEN DAVID EBBERT, | : | (Judge Brann) |
| Respondent. | : | |

| | | |
|---|---|---|
| DEONTE SPICER, | : | |
| Petitioner, | : | |
| v. | : | No. 4:18-CV-2088 |
| WARDEN BRADLEY, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### NOVEMBER 13, 2018

**I.    BACKGROUND**

Deonte Spicer, an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan), filed the initially captioned *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is Warden David Ebbert, who is employed at Spicer's prior place of confinement, the United States Penitentiary, Lewisburg, Pennsylvania (USP-

Lewisburg). The required filing fee was paid. Petitioner sought habeas corpus relief with respect to the calculation of his federal sentence. Specifically, Spicer argued that he should be afforded prior custody credit for time spent in custody from April 28, 2015. Service of the petition was previously ordered.

After being transferred to USP-Canaan, Spicer filed a § 2241 petition with the United States District Court for the Northern District of West Virginia. Named as Respondent is USP-Canaan Warden Bradley. Petitioner's second action similarly asserts that the Federal Bureau of Prisons (BOP) failed to accurately compute his sentence. Spicer argues that he was denied credit for time served from April 28, 2015. The required filing fee for the second petition has also been paid. By Order dated October 29, 2018, Petitioner's second action was transferred from the Northern District of West Virginia to this Court. Service of the second petition has not yet been ordered.

For the reasons outlined below, this Court will direct that these actions be consolidated and that the consolidated petition be served on both the Respondent and the United States Attorney.

## II. DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure states:

When actions involving a common question
of law or fact are pending before the
court, it may order a joint hearing or

> trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The allegations and facts set forth in each of the above described *pro se* habeas corpus petitions are similar. As noted earlier, the arguments set forth in the respective petitions similarly claim that the BOP failed to accurately compute Spicer's sentence in that he was denied credit for time served from April 28, 2015

Consequently, since the actions contain common factors of law and fact, this Court will order the consolidation of the two petitions pursuant to Rule 42(a) and will proceed with the consolidated matter under Petitioner's initially filed action, No. 4:17-CV-2234. In addition, the United States Attorney will be directed to file a supplemental response addressing the allegations in the consolidated petition. Spicer will be granted leave to thereafter submit a supplemental reply, if he chooses to do so.

An appropriate Order follows.

BY THE COURT:

s/ *Matthew W. Brann*
Matthew W. Brann
United States District Judge